UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK CALKINS, a married individual,

Plaintiff,

v.

CITY OF SEATTLE; DLH INC., a
Washington Corporation; CHRISTOPHER
LUEDKE; ELIZABETH SHELDON; BILL
GRAYUM; GREEN WAY HOMES, a
Washington Limited Liability Company;
VASILI IALANJI, and GENE IALANJI,

Defendants.

Case No. C23-1607RSM

ORDER GRANTING DEFENDANTS
GREEN WAY HOMES, LLC, VASILI
IALANJI, GENE IALANJI, DLH, INC.,
AND BILL GRAYUM'S MOTION TO
DISMISS

## I.    INTRODUCTION

This matter comes before the Court on Defendants Green Way Homes, LLC, Vasili Ialanji, and Gene Ialanji's Motion to Dismiss, Dkt. #39. Defendants DLH, Inc. and Bill Grayum have filed a notice of joinder. Dkt. #40. The Court will herein refer to these Defendants as "Defendants." These Defendants move to dismiss only the claims against them for defamation and tortious interference with a business relationship; many other claims against other Defendants remain at issue. Plaintiff Kirk Calkins has filed a single opposition brief. Dkt. #41. The Court has determined that it can rule without the need of oral argument. For the reasons below, the Court GRANTS this Motion as set forth below.

ORDER GRANTING CERTAIN DEFENDANTS' MOTION TO DISMISS - 1

## II.    BACKGROUND[1]

Plaintiff Kirk Calkins was an employee of the Seattle Department of Transportation who conducted inspections for construction sites.

On September 30, 2022, Gene & Vasili Ialanji from Green Way Homes sent an e-mail to a supervisor of Calkins. In the e-mail The Ialanji's state, "It seems to me that the only objective here is to get me in as much trouble as possible and keep charging me as much as possible."  It was also claimed that Calkins said, "I am a rich kid and can afford it," "Kirk has literally [sic] said that to me verbally, and now I can see it in his actions."  The email continues, "From here on now I would like to request a different inspector."  The Ialanji's then state, "This demonstrates that he expects me to do as he says like a slave listens to his master, and he is not willing to reason or discuss anything with me. His actions say the same thing he said to me verbally… 'you don't want to fight with me cuz you will go down hard.'"" Calkins denies making these or similar comments.

On October 5, 2022, Calkins was placed on administrative leave based on this email and a complaint from Bill Grayum, a superintendent of DLH, Inc., related to an inspection at a different site.   Plaintiff Calkins' conduct in this and other instances was subsequently investigated, a Loudermill hearing occurred on January 20, 2023, and his employment terminated on February 14, 2023.   His termination was recommended in part based on the emailed complaints from Gene Ialanji, Vasili Ialanji, and Bill Grayum.

The Amended Complaint alleges that these Defendants are liable for defamation because they "engaged in unprivileged communications with SDOT administration providing false

---

[1] The Court will accept all facts stated in the Amended Complaint, Dkt. #32, as true for purposes of this Motion.  The following facts come from that pleading unless otherwise noted.  The Court will focus on only those facts relevant to these Defendants' Motion, although other facts are clearly relevant to the remaining claims not at issue.

information regarding Calkins' actions as an inspector on their construction projects," ultimately damaging Plaintiff. Dkt. #32 at 12. Plaintiff pleads tortious interference with a business relationship based on these Defendants knowing that he was employed by SDOT and responsible for inspecting various projects they were constructing, "contacting SDOT administration in an attempt to influence Calkins [sic] actions as the inspector on the various projects," and that the result was that Calkins was removed as the inspector of these projects, placed on paid administrative leave, and ultimately terminated from employment." *Id*. at 11–12. Calkins pleads that Defendants "purposely interfered" with Calkins' employment by providing false information to SDOT "for the express purpose of impacting Calkins' employment status." *Id*. at 12.

## III.   DISCUSSION

### A. Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

1

**B. Analysis**

2    Defendants argue that the allegedly defamatory communications were privileged under

3 RCW 4.24.510.  Dkt. #39 at 1.  In a single tight paragraph, Defendants summarize their Motion

4 thusly:

5

6           The entirety of Calkins' claims against Green Way rest on privileged
            complaints made to a government agency. As detailed below, Green
7           Way's communications with the Seattle Department of
            Transportation ("SDOT") were privileged so long as they were
8           "regarding any matter reasonably of concern to that agency." *See*
            RCW 51.24.510. Calkins' First Amended Complaint only alleges
9           that Green Way complained about Calkins' conduct as an SDOT
            inspector, which is obviously a matter of concern to SDOT. Thus,
10          as a matter of law, Calkins cannot prevail on his claims against
            Green Way for defamation and tortious interference with a business
11          relationship, and his First Amended Complaint should be dismissed
            with prejudice. This Court should further award Green Way Ten
12          Thousand Dollars ($10,000.00) in statutory damages and its
            reasonable attorneys' fees and costs under RCW 4.24.510.
13

14 *Id*. at 2.

15

16    In Response, Plaintiff runs through the history of RCW 4.24.510, acknowledging that the

17 Washington State Legislature amended to no longer require that reports to governmental bodies

18 be in good faith for the privilege to apply.  Dkt. #41 at 4.  According to Plaintiff, "[t]he purpose

19 for this was to eliminate the factual inquiry for good faith thereby expediting litigation and

20 broadening the protections of immunity in order to make RCW 4.24.510 a more effective SLAPP

21 remedy."  *Id.* (citing *Leishman v. Ogden Murphy Wallace, PLLC*, 196 Wn.2d 898, 907, 479 P.3d

22 688 (2021)).  *Leishman* stated any person who communicates information reasonably of concern

23 to the government must be immune to suit based on the communication.  *Id*. at 908.  Plaintiff

24 then argues, without legal citation, that it matters whether a defendant communicated with the

25 government to "assist in achieving a personal goal" versus "to protect the company *from* the

26 government."  *Id*. (emphasis in original).  As for his tortious interference claim, Plaintiff argues

27

28

ORDER GRANTING CERTAIN DEFENDANTS' MOTION TO DISMISS - 4

"[t]he actions engaged in by GWH go beyond email and telephonic communications with Calkins' supervisors and thus GWH is not entitled to the statutory privilege of RCW 4.24.510." *Id.* at 8. Responding to the request for $10,000 in statutory damages, Plaintiff points out that the statute says such damages may be denied if the court finds that the complaint or information was communicated in bad faith. *See* RCW 4.24.510. The statute, however, supports the award of attorney fees whether or not bad faith is an issue. *See id.*

Accepting all facts alleged in the Amended Complaint as true, and making all inferences in the light most favorable to Plaintiff, the Court finds that Defendants communicated information reasonably of concern to the government, and that their communications were therefore protected under RCW 4.24.510. There is no factual dispute about what was communicated. The communications, whether accurate or inaccurate, were undeniably concerning the actions and words of Plaintiff in the context of his job as an inspector and in the context of trying to alter the process by which SDOT, a government agency, conducted its official responsibilities. The law protects these communications whether or not they were made in good faith. No case cited by Plaintiff convinces the Court that it should deny this privilege for these Defendants, even if the communications were for some selfish or deceptive reason.

As for the tortious interference claim, the Court finds that Plaintiff only alleges these Defendants "contacted SDOT administration in an attempt to influence Clakins [sic] actions as the inspector on the various projects," and that they "purposely interfered with Calkins' employment by providing false information to SDOT for the express purpose of impacting Calkins' employment status." Dkt. #32 at 11–12. A claim of intentional interference requires (1) the existence of a valid contractual relationship of which the defendant has knowledge, (2) intentional interference with an improper motive or by improper means that causes breach or

termination of the contractual relationship, and (3) resultant damage. *Elcon Const., Inc. v. E. Washington Univ.*, 174 Wn.2d 157, 168, 273 P.3d 965 (2012).  Plaintiff has failed to allege facts that could plausibly show an improper motive or improper means because all of the alleged conduct is privileged by RCW 4.24.510.

Given all of the above, Plaintiff cannot prevail on his claims against Defendants for defamation or for tortious interference with a business relationship.  These claims will be dismissed.  The Court need not address Defendants' RCW 7.96.040 arguments.  Attorneys' fees will be awarded consistent with RCW 4.24.510.  Statutory fees of $10,000 will be awarded to Defendants DLH, Inc. and Bill Grayum as Plaintiff alleges nothing to show bad faith and fails to argue bad faith as to those Defendants in response to the instant Motion.  The Court does not have enough information to award statutory fees as to Defendants Green Way Homes, LLC, Vasili Ialanji, and Gene Ialanji and will request supplemental briefing on that issue alone.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Although Defendants move for dismissal of these claims with prejudice, the parties do not otherwise address this issue.  Plaintiff has already amended his pleadings once before in response to these Defendants bringing a motion to dismiss.  *See* Dkt. #31.  Dismissal here is a legal conclusion based on a tight set of facts not in dispute.  Plaintiff offers nothing to suggest there could be other facts consistent with the challenged pleading to cure the above deficiencies.  Given all of this, the Court will not grant leave to amend.

## IV.   CONCLUSION

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss, Dkt. #39 is GRANTED.  Plaintiff's claims against Defendants Green Way Homes, LLC, Vasili Ialanji, Gene Ialanji, DLH, Inc. and Bill Grayum for defamation and tortious interference with a business relationship are DISMISSED.

2) Defendants' requests for costs and reasonable attorneys' fees under RCW 4.24.510 are GRANTED.  Defendants shall submit fee declarations supporting their request for attorneys' fees and costs within fourteen (14) days of this order. Plaintiff may file a response, if any, within seven (7) days after receiving Defendants' fee declarations.

3) Defendants DLH and Bill Grayum's request for statutory damages of $10,000.00 under RCW 4.24.510 is GRANTED.  The Court will order a deadline for payment of any statutory fees after reasonable attorneys' fees are determined.

4) Defendants Green Way Homes, LLC, Vasili Ialanji, and Gene Ialanji's request for statutory damages of $10,000.00 under RCW 4.24.510 is DEFERRED.   These Defendants and Plaintiff shall submit supplemental briefing, not to exceed six (6) pages each, answering the question of whether these statements were communicated in bad faith such that fees should not be awarded.  These briefs are due at noon on April 3, 2024.  No responsive briefing is permitted.

//

//

//

DATED this 4th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE