UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIRK CALKINS, a married individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE; DLH INC., a Washington Corporation; CHRISTOPHER LUEDKE; ELIZABETH SHELDON; BILL GRAYUM; GREEN WAY HOMES, a Washington Limited Liability Company; VASILI IALANJI, and GENE IALANJI,<br><br>Defendants. | Case No. C23-1607RSM<br><br>ORDER GRANTING IN PART REQUEST FOR ATTORNEY FEES AND DETERMINING STATUTORY DAMAGES |

This matter comes before the Court again on Defendants' Motion to Dismiss, Dkt. #39. After granting that Motion, the Court directed certain Defendants to submit fee declarations supporting their requests for attorneys' fees and costs under RCW 4.24.510. *See* Dkt. #40 at 7. The Court has reviewed these declarations, Dkts. #50 through #52, and a response brief filed by Plaintiff Kirk Calkins, Dkt. #53. Defendants Green Way Homes, Vasili Ialanji, and Gene Ialanji ("Green Way Homes") seek $25,277.56 in fees and costs. Defendants DLH Inc. and Bill Grayum seek $23,900 in fees. The Court has also reviewed supplemental briefing from Plaintiff and Defendants Green Way Homes, Vasili Ialanji, and Gene Ialanji on the issue of statutory damages.

ORDER GRANTING IN PART REQUEST FOR ATTORNEY FEES - 1

*See* Dkts. #54 and #55. The Court has disregarded the declaration at Dkt. #56 as beyond the scope of the Court's request.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1] In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v.*

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING IN PART REQUEST FOR ATTORNEY FEES - 2

*Eckerhart*, 461 U.S. 424, 433 (1983)).  It is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities.  *Welch*, 480 F.3d at 948.  The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

The Court will first address the hourly rates of the various defense attorneys and staff. The Court finds that the hourly rates of $525 an hour for Mr. Gribben, $350 for Mr. Toth, $225 for Ms. Clifton, $250 for Mr. Pujolar, $250 for Ms. Andersen, $125 for Mr. Bowles, $170 for Mr. Reinert, $190 for Ms. Ferris and $190 for Ms. Kocher-Moar are reasonable based on the experience, skill, and education of each attorney and paralegal.  *See* Dkts. #50 through #52.  The Court notes Mr. Gribben has been practicing in this area of the law for some time, being a licensed attorney since 2007 and becoming a partner in 2017.  Dkt. #50 at 2.

The Court next turns to the hours requested. RCW § 4.24.510 provides for recovery of "expenses and reasonable attorney's fees incurred in establishing the defense [provided for in this section]."  Defendants are not entitled to recover all of their attorneys' fees in this case.  Most of the many, many hours spent by defense counsel were not clearly incurred in establishing this defense.

Defense counsel for Green Way homes billed 51.5 hours at one firm and 34.8 hours at another.  One attorney declares:

> This lawsuit involved significant legal work even though it was dismissed before Green Way Homes filed its answer. The specific work performed is detailed in the contemporaneous billing statement and included reviewing the complaint, performing legal research on the legal defenses to plaintiff's claims, drafting two motions to dismiss, which was necessary after plaintiff amended his

ORDER GRANTING IN PART REQUEST FOR ATTORNEY FEES - 3

> complaint, tendering the lawsuit to Green Way Homes' insurers, multiple conversations and correspondence with Green Way Homes, and counsel for the other defendants, complying with the initial disclosure deadlines, and other related legal work.

Dkt. #50 at 2. Later, that same attorney states "[a]fter [the second firm] appeared, there were significantly fewer hours billed by [the first firm], which reflects that there was not any duplicative work being performed by the two firms representing Green Way Homes." *Id*. at 4.

The Court has reviewed the attached billing records and finds substantial attorney time spent working on the basics of representation or matters not clearly related to establishing the RCW § 4.24.510 defense. *See, e.g., id.* at 9–18 ("correspondence with city attorney re: meeting;" "draft insurance tender letters;" "left voicemail with insurer re: lawsuit;" "continued preparation of joint status report;" "conversation with colleagues and co-counsel re: [REDACTED]"); Dkt. #52-1 ("proposed modifications to Calkin's proposed joint status report on behalf of Green Way;" "draft FRCP 26 initial disclosures"). Defendants could have sought fees for just their Motion to Dismiss (or just that portion dealing with the RCW § 4.24.510 defense) but did not; they threw in their hours for the whole case. The Court also finds that many entries are block-billed or constitute redundant conferences between counsel. It is not clear to the Court that any fees should be awarded beyond time spent reviewing the pleadings and the drafting of the Motion to Dismiss. Given all of the above, the Court will award half of the hours requested by Green Way's counsel as reasonable and incurred in establishing the RCW § 4.24.510 defense. This number is roughly consistent with the amount suggested by Plaintiff. *See* Dkt. #53-1.

Defense for DLH, Inc. and Bill Grayum billed 18.2 hours. These defense attorneys may have worked diligently on this case, but they certainly presented less work product to the Court on the issue of RCW § 4.24.510 as they filed only a joinder to the Motion to Dismiss and relied on the legal arguments therein. *See* Dkts. #40 and #44. The Court finds it excessive for these

ORDER GRANTING IN PART REQUEST FOR ATTORNEY FEES - 4

attorneys to request an award for 18.2 hours to essentially say "us too" to a Motion based on the insufficiency of the pleadings. Plaintiff has reviewed these defense counsel's billing entries and totaled the amount spent solely on the Motion to Dismiss; the Court agrees with that review. The Court will award $2,800 as reasonable and incurred in establishing the RCW § 4.24.510 defense.

Turning to the issue of statutory damages for Defendants Green Way Homes, Vasili Ialanji, and Gene Ialanji, the Court has reviewed the supplemental briefing and finds that Plaintiff fails to allege or present facts or argument that could plausibly show that these Defendants' statements were made in bad faith.[2] RCW § 4.24.510 allows for the award of $10,000 in statutory damages, but states that such "may be denied if the court finds that the complaint or information was communicated in bad faith." Bad faith in the context of this statute has been defined as acting with "dishonesty of belief, purpose, or motive." *K.M.P. by & through Pinho v. Big Brother Big Sisters of Puget Sound*, 483 P.3d 119, 125 (Wash. Ct. App. 2021). Plaintiff has the burden of presenting evidence of bad faith. *Id*. Plaintiff's supplemental briefing summarizes the facts and states:

> All of these actions reflect a pattern of behavior which is to influence inspection enforcement activities by inspectors through complaints to their supervisors. The Complaint alleges a significant amount of money had been levied against these Defendants through fines which were eliminated by Calkins supervisors. This pattern of behavior continues against not only Calkins, but several other inspectors as well. This calls into question the motivation of Vasili Ialanji as his business was benefitting from these complaints and are by definition constitute [sic] "bad faith."

Dkt. #54 at 4. Even assuming all the alleged facts are true, the Court finds that this argument falls well short of what is necessary to demonstrate bad faith. Plaintiff also argues generally that

---

[2] Similarly, the Court previously awarded statutory damages to Defendants DLH, Inc. and Bill Grayum, finding that Plaintiff "alleges nothing to show bad faith and fails to argue bad faith as to those Defendants in response to the instant Motion." Dkt. #45 at 6.

ORDER GRANTING IN PART REQUEST FOR ATTORNEY FEES - 5

bad faith should not be determined if there is a question of fact. *Id.* at 5. Plaintiff's supplemental briefing fails to include plausible allegations that these Defendants' statements were dishonest in belief, purpose, or motive. There are also no facts sufficient to create a genuine dispute of material fact. The Court concludes that a trial on this issue is unnecessary.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff shall pay Defendants Green Way Homes, Vasili Ialanji, and Gene Ialanji $12,638.78 as an attorneys' fees and costs award under RCW § 4.24.510 as well as $10,000 in statutory damages for a total of $22,638.78. Plaintiff shall pay Defendants DLH Inc. and Bill Grayum $2,800 as an attorneys' fees award under RCW § 4.24.510 as well as the $10,000 in statutory damages already awarded by the Court for a total of $12,800. Payment of the above fees, costs, and statutory damages shall be made to these Defendants no later than forty (40) days from the date of this Order.

DATED this 4th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART REQUEST FOR ATTORNEY FEES - 6